**Lafeldt RUDD, Plaintiff,**

v.

**Bill JONES, Circuit Court Judge; Rayburn (Tud) Hillman; Richard (Tim) Byrd; and Scharlotte Fortinberry, Defendants.**

No. 2:94cv184.

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

March 15, 1995.

Lafeldt Rudd, Parchman, MS, pro se.

## ORDER

PICKERING, District Judge.

Upon consideration of the conditions of confinement complaint filed pursuant to 42 U.S.C. § 1983 by plaintiff in the above entitled action, the application of plaintiff for leave to proceed *in forma pauperis,* and the supporting affidavit submitted pursuant to 28 U.S.C. § 1915, the court makes the following findings and conclusions.

Without question, inmates confined in penitentiaries are entitled to the protection of the rights afforded them by the United States Constitution. These rights of necessity have been limited by virtue of an inmate's conviction and/or plea of guilty to a crime. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Inmates are no longer presumed innocent, but by virtue of their convictions, they are now presumed guilty. *Herrera v. Collins,* 506 U.S. ——, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) (citing *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974)). Law abiding citizens also have rights. *Drennan v. Hargett,* 852 F.Supp. 1332 (S.D.Miss.1994). These rights involve not having court calendars clogged with frivolous proceedings and not having their elected or appointed officials, at taxpayers' expenses, spending a disproportionate amount of time defending frivolous lawsuits in federal court.

In protecting the constitutional rights of prisoners over approximately the last 35 years, the very process of doing so has created some unfortunate side consequences of considerable magnitude. First, it is obvious from petitions filed in this Court that unrealistic expectations and imaginary rights have been created in the minds of many inmates. Secondly, it is likewise clearly obvious that many inmates and their sometimes almost professional jailhouse writ writers have abused the process merely to go through the exercise, challenge the system again, or get a trip out of the penitentiary for a court hearing. The Court sees this type activity on a regular and frequent basis.

Third, the courts are drowning in frivolous prisoner complaints. In 1960, 1,295 cases were filed in the federal courts by prison inmates. This constituted 2.1 percent of the cases filed that year in the federal courts. In 1993, 53,713 cases were filed by prison inmates in federal courts, constituting *23.3 percent of all civil cases filed* in the federal court system.[1] Although the Court has attempted to obtain the number of cases that have been dismissed as frivolous pursuant to 28 U.S.C. § 1915(d), these figures are not available through the Administrative Office. In this District alone (Southern District of Mississippi), during the past twelve months there were 633 complaints filed in federal court by prison inmates constituting almost thirty percent of the total civil filings of 2,134. The overwhelming majority of these prisoner complaints were dismissed as frivolous.

Statistics are unavailable to determine how many additional federal judges have been added because of frivolous prisoner complaints. The cost to taxpayers is enormous. Multitudinous frivolous cases endanger the occasional meritorious case that comes along. *Drennan v. Hargett,* 852 F.Supp. 1332, 1336 (S.D.Miss.1994) (quoting *McCleskey v. Zant,* 499 U.S. 467, 492, 111 S.Ct. 1454, 1469, 113 L.Ed.2d 517, 543). There is a danger that the meritorious case may get lost in the deluge of frivolous cases that the courts see.

Fourth and finally, state officials who have contact with the state criminal justice system, which is the system primarily responsible for dealing with the ever-increasing criminal activity in the United States[2] and the

---

1. Statistical Division of Administrative Office of U.S. Courts.

2. During a 30-year period, from 1964 to 1994, the population in America increased by roughly 37%. On the other hand, violent crime increased 500% or 13½ times as rapidly as the population has grown. Statistical Abstracts of the United States, 1994 and 1964.

criminals responsible for the commission of these crimes, are now finding that a good portion of their time, effort and the money appropriated to run their offices is spent defending federal lawsuits arising from mostly frivolous prisoner complaints.

This Court is committed to protecting the valid constitutional rights of prison inmates. This Court is likewise committed to stopping those lawsuits that are frivolous.

█ This particular complaint of Lafeldt Rudd is a confusing, rambling petition that is barely coherent. Attached to his complaint are numerous other petitions and complaints previously filed by this plaintiff indicating that he may well like the process whether he has a meritorious claim or not. This complaint is couched in conclusory terms and expresses the plaintiff's opinions, feelings and conclusions, but not very much in the way of specific hard facts. The complaint now before this Court could be construed to state a cause of action under the premise that a pro se plaintiff is entitled to have his complaint liberally construed, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); however, based upon previous experience with complaints that are couched in such a highly conclusory fashion, this Court is aware that plaintiffs in such cases are very rarely successful and very seldom come forward with any facts that would even justify a trial. This Court has determined that the defendants should not be compelled to defend this action and neither should this Court be expected to conduct a hearing, until plaintiff alleges with particularity and specificity what these defendants did or did not do that violated plaintiff's constitutional rights. Until that is done this Court will not allow this proceeding to go any further.

█ Under no circumstances can this complaint be maintained against the named defendant Bill Jones, who is the Circuit Court Judge for Greene County, Mississippi. It is clearly established law that a judge is absolutely immune from damages when he was acting within his judicial discretion. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The plaintiff is allowed to amend his complaint as to the remaining defendants as set forth below. It is, hereby,

ORDERED AND ADJUDGED:

1. That the defendant Bill Jones be dismissed with prejudice as a party to this action.

█ 2. That the plaintiff within twenty (20) days of the date of this Order shall file his amended complaint which must (a) specifically allege who violated the plaintiff's constitutional rights; (b) state the approximate dates, times and places the named person violated his constitutional rights; and (c) specifically identify the constitutional right(s) that were allegedly violated. This amended pleading should be relatively brief, very specific and relate what facts or events occurred that caused plaintiff's constitutional rights to be violated and should not be couched in conclusory terms nor just what the plaintiff thinks or concludes;

3. That the plaintiff be and he is hereby advised that he should make no allegations unless he can produce some evidence to support such allegations. This evidence may consist of testimony or documentary evidence, but broad, non-specific, conclusory statements will not be sufficient for plaintiff to meet his burden. Parties who file frivolous actions are subject to sanction by this Court.

4. This Court finds that the requirements contained in numbered paragraphs 2 and 3 above do not constitute an unreasonable restriction on plaintiff's access to the courts, particularly in light of the fact that this plaintiff has filed numerous other complaints in this Court which have been dismissed as frivolous.

5. **The plaintiff is warned that failure to timely comply with this Order shall result in this cause being dismissed with prejudice without further written notice.**

SO ORDERED.